IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.                                                      No. CIV 21-0830 JB/KRS

HECTOR BALDERAS, New Mexico Attorney
General; JENNIFER LUSK, Assistant Attorney
General and NEW MEXICO ATTORNEY
GENERAL'S OFFICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Donald Thomas Sharp's failure to prosecute this civil action, and on Sharp's Motion to Discharge All Fees and Costs, filed September 27, 2021 (Doc. 9)("Motion to Discharge Fees"). The Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Sharp to file a six-month inmate account statement, as 28 U.S.C. § 1915(a)(2) requires. See Order to Cure Deficiency, filed August 30, 2021 (Doc. 2)("Cure Order"). Sharp refused to comply with the in forma pauperis statute, because, consistent with his sovereign-citizen ideology, he contends that the United States Treasury must discharge his debts, including this case's fees. See Motion to Discharge Fees at 1. Accordingly, the Court will dismiss this case without prejudice.

## BACKGROUND

Sharp is a federal detainee at the Cibola County Correctional Institution. See Plaintiff's Civil Complaint at 3, filed August 25, 2021 (Doc. 1)("Complaint"). Throughout the past three months, Sharp filed over forty civil complaints in the United States District Court for the District

of New Mexico.  See Sharp v. State of New Mexico, 2021 WL 4820736, at *1 (D.N.M. Oct. 15, 2021)(Browning, J.)(listing each civil complaint).   Sharp is now subject to filing restrictions, but those restrictions do not impact his existing cases -- those filed before October 15, 2021.  See Sharp v. State of New Mexico, 2021 WL 4820736, at *5.  In this case's Complaint, Sharp alleges that the New Mexico Attorney General, Assistant Attorney General, and the Office of the Attorney General refused to act on Sharp's allegation that all New Mexico elected officials committed racketeering, treason, and fraud.  See Complaint at 1-2.  Sharp seeks damages and "the immediate arrest of the Defendant[s] and their prosecution with the maximum penalty, which is . . . to suffer death."  Complaint at 2.

At the end of the Complaint, Sharp includes a letter indicating that he does not wish to prepay the $402.00 civil filing fee or submit an income statement in this case.  He states:

> I have submitted many complaints, and have completed many forms = Application to proceed in District Court without prepaying fees or cost.  I have been unemployed since Jan 2015.  I have less than $1000.  I have a public defender and an EBT card.  I should not have to prove this every single time I file a claim.  IT IS STUPID!  Just look up one I already submitted and stop delaying my court cases.  I plan to file many more, so get ready. . . .

Complaint at 3.[1]  By an Order entered August 30, 2021, Magistrate Judge Sweazea explained that Sharp must comply with the in forma pauperis statute, 28 U.S.C. § 1915, in this and every case. See Cure Order at 1.  Magistrate Judge Sweazea fixed a deadline of September 30, 2021, for Sharp to "prepay the $402 filing fee, or alternatively, file a motion to proceed in forma pauperis along

---

[1] Sharp has not filed a properly supported in forma pauperis motion -- i.e., a motion that attaches a six-month account statement as 28 U.S.C. § 1915(a)(2) requires -- in any federal case. Even if he did submit such a filing in another case, however, it is not the Court's responsibility to search through Sharp's other dockets to find documents that may be useful here.  See Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

with an inmate account statement reflecting transactions between **February 25, 2021 and August 25, 2021**." Cure Order at 2 (emphasis in original). The Clerk's Office also mailed Sharp a blank in forma pauperis motion, which contains instructions about the six-month inmate account statement. See Cure Order at 2. The Cure Order warned that the failure to comply timely would result in dismissal of this case without further notice. See Cure Order at 2.

Cibola County Correctional Institution initially returned the Cure Order as undeliverable. See Mail Returned as Undeliverable, filed September 7, 2021 (Doc. 4). The Clerk's Office re-mailed the Cure Order to Sharp on September 8, 2021. See Staff Note entered September 8, 2021. A few days later, Sharp filed a letter stating: "I just received these September 8, 2021[.] Need more time to get inmate account." See Untitled Letter (postmarked September 13, 2021), filed September 14, 2021 (Doc. 5). On September 14, 2021, Sharp filed an Application to Proceed in District Court Without Prepaying Fees or Costs, but he did not attach the inmate account statement, as directed. See Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 14, 2021 (Doc. 6)("IFP Motion"). Sharp did not submit an inmate account statement by the September 30, 2021, deadline. He now takes the position that he "does not require in forma pauperis forms." Motion to Discharge Fees at 1. The Court will analyze whether to dismiss the case based on Sharp's refusal to comply with 28 U.S.C. § 1915(a)(2).

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply

with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)(citing Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir. 1979)). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003)). Those criteria include: "'(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204)).

Here, Sharp has not submitted a six-month inmate account statement or prepay the filing fee in this or any case, as the Cure Order and 28 U.S.C. § 1915(a)(2) require. Instead, he filed a Motion to Discharge Fees, stating that he "does not require in forma pauperis forms." Motion to Discharge Fees at 1. Sharp is not correct. By statute, every in forma pauperis application must include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The court uses the information to calculate an initial partial filing fee. Section "1915(b)(1) calls for assessment of '*an* initial partial filing fee' each time a prisoner 'brings *a* civil action or files *an* appeal,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." Bruce v. Samuels, 577 U.S. 82, 89-90 (2016)(quoting 28 U.S.C. § 1915(b))(emphasis added in Bruce v. Samuels). Section 1915 is designed "'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees,'" Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003)(quoting In Re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997)), and "to require the prisoner to bear some marginal cost for each legal activity," Cosby v. Meadors, 351 F.3d at 1327 (quoting Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997)).

The Tenth Circuit routinely affirms dismissal orders where, as here, the plaintiff refuses to provide the required forms under § 1915, including the six-month inmate account statement. See Salazar v. Arapahoe Cnty. Det. Facility, 787 F. App'x 542, 543 (10th Cir. 2019)[2](affirming

---

[2]Salazar v. Arapahoe Cnty. Det. Facility, 787 F. App'x 542 (10th Cir. 2019), is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored.

dismissal where "none of [the plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); Sheptin v. Corr. Healthcare Mgmt. Contractor Co., 288 F. App'x 538, 540 (10th Cir. 2008)(holding that "the district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with the court's order to submit his certified, six-month account statement."); Gonzales v. Bernalillo Cty. Dist. Ct., 640 F. App'x 759, 762-63 (10th Cir. 2016)(holding the same).   Sharp's theory that "the Court has no authority to impose filing fees on him," and that "he has a right to discharge the debt for the court fees" is a tactic that sovereign citizens use, but does not change the analysis.   Sharp v. Biden, No. CIV 21-0719-KWR-CG, 2021 U.S. Dist. LEXIS 199372, at *2 (D.N.M. Oct. 15, 2021)(Riggs, J.).   See In re Hardee, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. March 26, 2021)(Ellis-Monro, J.)(describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of . . . [citizens'] debts"); Leiter v. Nickrenz, No. CIV 15-2336-JNE-BRT, 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016)(Erickson, J.)(noting sovereign citizen ideology that the "the Treasury Department[] was responsible for [litigant's] debt").

For these reasons, the Court denies Sharp's Motion to Discharge Fees and dismisses this case pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and

---

> However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Salazar v. Arapahoe Cnty. Det. Facility, 787 F. App'x 542, Sheptin v. Corr. Healthcare Mgmt. Contractor Co., 288 F. App'x 538 (10th Cir. 2008), and Gonzales v. Bernalillo Cty. Dist. Ct., 640 F. App'x 759 (10th Cir. 2016), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

- 7 -

comply with Court orders. See Olsen v. Mapes, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center. See 492 F.3d at 1162. The Court also will deny as moot Sharp's pending Motion to Enter Evidence, filed September 22, 2021 (Doc. 8) and his Motion for Corrections, filed October 6, 2021 (Doc. 10).

**IT IS ORDERED** that (i) the Plaintiff's Motion to Enter Evidence, filed September 22, 2021 (Doc. 8), is denied; (ii) the Plaintiff's Motion to Discharge All Fees and Costs, filed September 27, 2021 (Doc. 9), is denied; (iii) the Plaintiff's Motion for Corrections, filed October 6, 2021 (Doc. 10), is denied; (iv) the Plaintiff's Civil Complaint, filed August 25, 2021 (Doc. 1), is dismissed without prejudice; and (v) the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

Donald Thomas Sharp
Milan, New Mexico

   *Plaintiff pro se*