IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.                                                                                           No. CIV 21-0830 JB/KRS

FNU BALDERAS, New Mexico Attorney
General; JENNY LUSK, Assistant Attorney
General, and NEW MEXICO ATTORNEY
GENERAL'S OFFICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Donald Thomas Sharp's post-judgment Motion for Summary Judgment, filed October 29, 2021 (Doc. 13)("Motion for Summary Judgment"). The Court discerns that Sharp seeks relief from the Memorandum Opinion and Order, filed October 26, 2021 (Doc. 11)("Dismissal MOO"), dismissing without prejudice his Civil Complaint, filed August 25, 2021 (Doc. 1)("Complaint"). See Memorandum Opinion and Order at 1. Because Sharp does not demonstrate grounds for post-judgment relief, the Court will deny the Motion for Summary Judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

Sharp is a federal detainee. See Complaint at 1-4. In 2021, he filed over forty civil complaints in the United States District Court for the District of New Mexico. See Sharp v. State of New Mexico, 2021 WL 4820736, at *1 (D.N.M. Oct. 15, 2021)(Browning, J.)(listing each civil complaint). Sharp is now subject to filing restrictions, but those restrictions do not impact this case or any case filed before October 15, 2021. See Sharp v. State of New Mexico, 2021 WL 4820736, at *5. In this case's Complaint, Sharp alleges that the New Mexico Attorney General,

Assistant Attorney General, and Office of the Attorney General refused to act on Sharp's allegation that all New Mexico elected officials committed racketeering, treason, and fraud. See Complaint at 1-2. Sharp seeks $315,000,000.00 in damages and "the immediate arrest of the Defendant[s] and their prosecution with the maximum penalty, which is . . . to suffer death." Complaint at 2. At the end of the Complaint, Sharp includes a letter indicating that he does not wish to prepay the $402.00 civil filing fee or submit an income statement in this case. He states:

> I have submitted many complaints, and have completed many forms = Application to proceed in District Court without prepaying fees or cost. I have been unemployed since Jan 2015. I have less than $1000. I have a public defender and an EBT card. I should not have to prove this every single time I file a claim. IT IS STUPID! Just look up one I already submitted and stop delaying my court cases. I plan to file many more, so get ready . . . .

Complaint at 3.[1] By an Order entered August 30, 2021, the Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, explains that Sharp must comply with the in forma pauperis statute, 28 U.S.C. § 1915, in this case and in every case. See Order to Cure Deficiency, filed August 30, 2021 (Doc. 2)("Cure Order"). Magistrate Judge Sweazea fixed a deadline of September 30, 2021, for Sharp to "prepay the $402 filing fee, or alternatively, file a motion to proceed in forma pauperis along with an inmate account statement reflecting transactions between **February 25, 2021 and August 25, 2021**." Cure Order at 2 (emphasis in original). The Clerk's Office also mailed Sharp a blank in forma pauperis motion, which contains instructions about the six-month inmate account statement. See Cure

---

[1]Sharp has not filed a properly supported in forma pauperis motion -- i.e., a motion that attaches a six-month account statement as 28 U.S.C. § 1915(a)(2) requires -- in any federal case. Even if he did submit such a filing in another case, however, it is not the Court's responsibility to search through Sharp's other dockets to find documents that may be useful here. See Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

Order at 2.  The Cure Order warns that the failure to comply timely will result in dismissal of this case without further notice.  See Cure Order at 2.

Cibola County Correctional Center initially returned the Cure Order as undeliverable.  See Mail Returned as Undeliverable, filed September 7, 2021 (Doc. 4).  The Clerk's Office re-mailed the Cure Order to Sharp on September 8, 2021.  See Staff Note, entered September 8, 2021 (text-only entry).  A few days later, Sharp filed a letter stating: "I just received these September 8, 2021[.] Need more time to get inmate account."  See Untitled Letter (dated September 13, 2021), filed September 14, 2021 (Doc. 5).  That same day, Sharp filed an Application to Proceed in District Court Without Prepaying Fees or Costs, but he did not attach the inmate account statement as directed.  See Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 14, 2021 (Doc. 6)("IFP Motion").  Sharp did not submit an inmate account statement by the September 30, 2021 deadline.  He instead filed a motion stating he "does not require in forma pauperis forms."  Motion to Discharge All Fees and Costs at 1, filed September 27, 2021 (Doc. 9)("Motion to Discharge Fees").

On October 26, 2021, the Court entered the Dismissal MOO along with a Final Judgment. See Dismissal MOO at 1; Final Judgment entered October 26, 2021 (Doc. 12)("Judgment").  The Dismissal MOO explains:

> Sharp has not submitted a six-month inmate account statement or prepaid the filing fee in this or any case, as the Cure Order and 28 U.S.C. § 1915(a)(2) require.  Instead, he filed a Motion to Discharge Fees, stating that he "does not require in forma pauperis forms." Motion to Discharge Fees at 1. Sharp is not correct. By statute, every in forma pauperis application must include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  The court uses the information to calculate an initial partial filing fee.  Section "1915(b)(1) calls for assessment of 'an initial partial filing fee' each time a prisoner 'brings a civil action or files an appeal,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." Bruce v. Samuels, 577 U.S. 82, 89-90

(2016)(quoting 28 U.S.C. § 1915(b))(emphasis added in <u>Bruce v. Samuels</u>).   Section 1915 is designed "'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees,'" <u>Cosby v. Meadors</u>, 351 F.3d 1324, 1327 (10th Cir. 2003)(quoting <u>In Re Smith</u>, 114 F.3d 1247, 1249 (D.C. Cir. 1997)), and "to require the prisoner to bear some marginal cost for each legal activity," <u>Cosby v. Meadors</u>, 351 F.3d at 1327 (quoting <u>Newlin v. Helman</u>, 123 F.3d 429, 436 (7th Cir. 1997)).

The Tenth Circuit routinely affirms dismissal orders where, as here, the plaintiff refuses to provide the required forms under § 1915, including the six-month inmate account statement.   See <u>Salazar v. Arapahoe Cnty. Det. Facility</u>, 787 F. App'x 542, 543 (10th Cir. 2019)(affirming dismissal where "none of [the plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); <u>Sheptin v. Corr. Healthcare Mgmt. Contractor Co.</u>, 288 F. App'x 538, 540 (10th Cir. 2008)(holding that "the district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with the court's order to submit his certified, six-month account statement."); <u>Gonzales v. Bernalillo Cty. Dist. Ct.</u>, 640 F. App'x 759, 762-63 (10th Cir. 2016)(holding the same). Sharp's theory that "the Court has no authority to impose filing fees on him," and that "he has a right to discharge the debt for the court fees" is a tactic that sovereign citizens use, but does not change the analysis.   <u>Sharp v. Biden</u>, No. CIV 21-0719-KWR-CG, 2021 U.S. Dist. LEXIS 199372, at *2 (D.N.M. Oct. 15, 2021)(Riggs, J.).   See <u>In re Hardee</u>, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. March 26, 2021)(Ellis-Monro, J.)(describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of . . . [citizens'] debts"); <u>Leiter v. Nickrenz</u>, No. CIV 15-2336-JNE-BRT, 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016)(Erickson, J.)(noting sovereign citizen ideology that the "the Treasury Department[] was responsible for [litigant's] debt").   For these reasons, the Court denies Sharp's Motion to Discharge Fees and dismisses this case pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and comply with Court orders.   See <u>Olsen v. Mapes</u>, 333 F.3d at 1204.   The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>. See 492 F.3d at 1162.

Dismissal MOO at 5-7.[2]

Three days later, on October 29, 2021, Sharp filed the Motion for Summary Judgment. <u>See</u> Motion for Summary Judgment at 1.   Sharp alleges that he is entitled to summary judgment, because the Defendants did not respond to the Complaint.   <u>See</u> Motion for Summary Judgment at 1.   Because Sharp filed the Motion for Summary Judgment after the Dismissal MOO's entry, and

---

[2]The Court incorporates the entire Dismissal MOO into this ruling by reference.

after the Court entered Final Judgment, the Court will consider whether there are grounds to reopen the case.

## ANALYSIS

A post-judgment motion filed within twenty-eight days of the judgment's entry is generally analyzed under rule 59(e) of the Federal Rules of Civil Procedure. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Sharp does not rely on new evidence or law, nor does he identify any error or injustice. He contends that he is entitled to summary judgment, because the Defendants did not respond to the Complaint. See Motion for Summary Judgment at 1. This assertion is incorrect, based on the special rules that apply to prisoner cases. Where, as here, a plaintiff is incarcerated and files a complaint against a government employee, the Complaint is subject to sua sponte screening. See 28 U.S.C. § 1915A(a). If a complaint states a facially meritorious claim, the Court orders the defendant(s) to answer. See 28 U.S.C. § 1915A(a). The defendants are not required to answer unless and until the court issues such an order. See Jones v. Bock, 549 U.S. 199, 213-214 (2007)("[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the [Prison Litigation Reform Act, 42 U.S.C. § 1997e] until required to do so by the court"). If, however, the prisoner complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court sua sponte dismisses the complaint. See 28 U.S.C.

§ 1915A(b)(1).   The Court never reviewed the merits of Sharp's Complaint or ordered an answer, because Sharp did not satisfy the threshold requirements in 28 U.S.C. § 1915(a).   Accordingly, the Defendants were not required to file an answer, and Sharp is not entitled to summary judgment. Because there are no other grounds for post-judgment relief, the Court will deny the Motion for Summary Judgment.

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's post-judgment Motion for Summary Judgment, filed October 29, 2021 (Doc. 13), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Donald Thomas Sharp
Milan, New Mexico

    *Plaintiff pro se*